# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                           |     |                        |
|---------------------------|-----|------------------------|
| STATE OF DELAWARE,        | )   |                        |
|                           | )   |                        |
|                           | )   |                        |
| v.                        | )   | I.D. No.   1802012108  |
|                           | )   |                        |
|                           | )   |                        |
| DERRICK CAUDLE,           | )   |                        |
|                           | )   |                        |
| Defendant.                | )   |                        |

Submitted: October 16, 2023
Decided: November 7, 2023

## ORDER

*Upon Consideration of the Commissioner's Report and Recommendation that Defendant's Motion for Postconviction Relief Should be Denied,*
**ADOPTED**.

Matthew B. Frawley, Deputy Attorney General, Department of Justice, Wilmington, Delaware. *Attorney for the State*.

Derrick Caudle, James T. Vaughn Correctional Institution, Wilmington, Delaware. *pro se.*

**MEDINILLA, J.**

**AND NOW TO WIT**, this 7th day of November 2023, upon consideration of Derrick Caudle's ("Defendant") Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this matter, it appears to the Court that:

1. On February 26, 2018, Defendant was indicted in this Court on the charges of Murder First Degree, Possession of a Firearm During the Commission of a Felony (PFDCF) and Possession of a Firearm by a Person Prohibited.[1] The charges stem from a shooting incident that occurred on February 18, 2018, when Defendant, then age 16, shot the victim after the two had engaged in a fight.

2. Due to this age, Defendant filed a Motion to Transfer his matter to Family Court.[2] On September 5, 2018, this Court issued its decision and denied Defendant's request.[3] In its *prima facie* determination, this Court preliminarily determined that there existed a fair likelihood of conviction,[4] notwithstanding that Defendant's response to the shooting was one of remorse.[5]

---

[1] D.I. 1.
[2] D.I. 4.
[3] D.I. 9.
[4] See D.I. 9. At the reverse amenability on August 6, 2018, the State presented evidence including: 1) video footage capturing an altercation between the Defendant and the victim; 2) eyewitnesses recounting to law enforcement that immediately after the fight, Defendant went into his house and returned with a firearm, approached the victim, placed the firearm within close range of the victim's chest, and fired the fatal shot.
[5] *Id.*

3.      On July 8, 2019, following plea negotiations, Defendant pled guilty to Murder Second Degree, a Lesser Included Offense to the Murder First Degree and Possession of a Firearm During the Commission of a Felony ("PFDCF").[6]  Prior to the entry of the plea, the State amended the charges in the indictment, accordingly.[7]

4.      On January 31, 2020, Defendant was sentenced to an aggregate term of fifty-three years at Level V, suspended after serving nineteen years, of which eighteen are minimum mandatory.[8]

5.      On April 20, 2020, Defendant filed a Motion for Modification of Sentence under Superior Court Criminal Rule 35(b) to reduce his minimum mandatory Level V sentence to five or seven years.[9]  The State filed its response in opposition.[10]  That motion was denied.[11]

---

[6] Trial Calendar/Plea Hearing:  Defendant Pled Guilty/Sentenced Deferred PSI Ordered, *State of Delaware v. Derrick Caudle*, Crim. ID No. 1802012108, D.I. 18 (Del. Super. Ct. July 8, 2019).

[7] The State amended Count I of the Indictment from Murder First Degree to Murder Second Degree, in accordance with 11 *Del. C.* § 635(1), alleging Defendant recklessly caused the death of Todd Dorn by shooting him, under circumstances which manifested a cruel, wicked, and depraved indifference to human life. The State also amended the corresponding firearm charge in Count II, alleging that Defendant knowingly and unlawfully possessed a firearm during the commission of Murder Second Degree, a felony as amended in Count I of the indictment.

[8] Defendant was sentenced as follows: (1) For Murder Second Degree, fifty years at Level V, suspended after sixteen years at Level V, for thirty-four years Level IV Department of Correction ("DOC") Discretion, suspended after six months at Level IV DOC Discretion, for two years at Level III; (2) For PFDCF, three years at Level V, no probation to follow.  Sentence:  ASOP Order Signed and Filed on 2/11/2020, *State of Delaware v. Derrick Caudle*, Crim. ID No. 1802012108, D.I. 22 (Del. Super. Ct. Jan. 31, 2020) [hereinafter "Def.'s Sentence"].

[9] D.I. 23.

[10] D.I. 24.

[11] D.I 25.

6.     On March 21, 2023, Defendant filed this *pro se* Motion for Postconviction Relief under Superior Court Criminal Rule 61,[12] and a Motion for Appointment of Postconviction Counsel.[13]

7.     Defense Counsel filed his Affidavit in Response to Defendant's Motion for Post-Conviction Relief Pursuant to Superior Court Criminal Rule 61 and averred there was no good faith basis to assert any challenges to: 1) the validity of the indictment; 2) Defendant's 5th or 6th Amendment rights; 3) the conduct on the part of the Court or the State, or 4) issues regarding whether Defendant lacked the requisite comprehension and understanding or otherwise meet the legal standard for a lack of competency.[14]

8.     The State also filed its response in opposition to the Rule 61 Motion.[15]

9.     This Court referred Defendant's motions to a Superior Court Commissioner[16] for proposed findings of fact and conclusions of law pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62(a)(5).[17]

---

[12] Defendant's Motion for Postconviction Relief, *State of Delaware v. Derrick Caudle*, Crim. ID No. 1802012108, D.I. 26 (Del. Super. Ct. March 21, 2023) [hereinafter "Def.'s Mot."]. *see* DEL. SUPER. CT. CRIM. R. 61.
[13] D.I. 36.
[14] D.I. 30.
[15] D.I. 33.
[16] D.I. 34.
[17] *See* 10 *Del. C.* § 512(b)(1)(b); *see also* Super. Ct. Crim. R. 62(a)(5) (Under Delaware Superior Court Criminal Rule 62(a)(5), the Court may refer to a Superior Court Commissioner case-dispositive motions, including postconviction relief motions, and the Commissioner must submit "proposed findings of fact and recommendations for the disposition, by a judge, of any such matter.").

4

10. On September 19, 2023, Defendant filed a "detailed response of recent motion filed *pro se*.[18] On October 3, 2023, Defendant filed another letter to the Commissioner requesting that various hearings be scheduled so that he could orally plead his case.[19]

11. On October 16, 2023, the Commissioner issued a Report, recommending that this Court summarily dismiss both Defendant's Motion for Postconviction Relief and for Appointment of Postconviction Counsel.[20] The Commissioner determined that Defendant failed to satisfy the criteria for postconviction counsel,[21] and that Defendant was procedurally barred where Defendant was sentenced on January 31, 2020, did not file a direct appeal, and filed his Rule 61 motion more than two years late in March of 2023.[22] No exceptions were claimed to satisfy the exceptions to Rule 61(i)(1) or 61(i)(3)'s procedural bars.[23]

---

[18] Defendant's Detailed Response of Recent Motion Filed Pro Se, *State of Delaware v. Derrick Caudle*, Crim. ID No. 1802012108, D.I. 35 (Del. Super. Ct. September 19, 2023) [hereinafter "Def.'s Detailed Letter."].
[19] Defendant's Letter Requesting Hearings *State of Delaware v. Derrick Caudle*, Crim. ID No. 1802012108, D.I. 36 (Del. Super. Ct. October 3, 2023) [hereinafter "Def.'s Hearing Letter."].
[20] Commissioner's Report and Recommendation that Defendant's Motion for Postconviction Relief Be Summarily Dismissed, *State of Delaware v. Derrick Caudle*, Crim. ID No. 1802012108, D.I. 37 (Del. Super. Ct. October 16, 2023) [hereinafter "Commissioner's Report"].
[21] *Id.* at 4.
[22] *Id.* at 7.
[23] *Id.* at 8-9.

12.     The crux of Defendant's claims was summarized succinctly in the Commissioner's Report:

> First, Defendant alleges the Indictment was deficient in that it "failed to charge the offense of [Possession of a Firearm During the Commission of a Felony] and 'Possession ownership or control of a firearm by a person prohibited' due to the fact that the indictment does not provide the necessary essential material elements. Second [that his] 5th Amendment right was violated when the grand jury ruled on an indictment in the state's favor that did not establish all the material elements required in order to uphold the indictment. . . ." Finally, Defendant contends the Court and the State engaged in "misconduct" by "drafting and submitting a jurisdictional[ly] defective indictment, and by the courts' not correcting the wrongdoing and violating [his] rights to due process guaranteed by the U.S. Constitution."[24]

13.     The Commissioner set out the reasons why the claim, even if not barred, were without merit. To the extent Defendant was raising a defective indictment claim as to the Possession of a Deadly Weapon by a Person Prohibited charge, the State had entered a *nolle prosequi* as to that charge, and no prejudice resulted as a result of any alleged defect as to this charge.[25] And that as to the accompanying charge of PFDCF to the murder charge, this firearm charge is a possessory offense; the factual predicate for the offense was that the defendant possessed a firearm during the commission of Murder Second Degree.[26] And that Defendant's

---

[24] Commissioner's Report at 5.
[25] Commissioner's Report n. 32.
[26] Commissioner's Report at 10.

conclusory statements regarding the indictment were not supported by the record nor substantiated a claim for relief.[27]

14. After the Commissioner issues a report, "any party may serve and file written objections" to the report within ten days.[28]  A party failing to comply with this ten-day limit for appeal may foreclose that party's ability to object to the Commissioner's report.[29]  Accordingly, the Court "may accept, reject or modify, in whole or in part, the findings of fact or recommendations made by the Commissioner."[30]

15. Defendant filed a letter on October 31, 2023, as a "rebuttal to clear up the false statement(s) in the Commissioner's [sic] recommendation."[31]  The Commissioner issued his report on October 16, 2023.  It is unclear if Defendant appealed the Commissioner's Report within 10 days.[32]  Even if timely, it does not change the outcome.

16. At the outset, his first "objection" to the Commissioner's Report is without merit.  Defendant wishes to "make extremely clear that the motion [he] filed

---

[27] Commissioner's Report at 10.

[28] Super. Ct. Crim. R. 62(a)(5)(ii).

[29] Super. Ct. Crim. R. 62(b).

[30] Super. Ct. Crim. R. 62(a)(5)(ii).

[31] Defendant's Letter In "Rebuttal" to the Commissioner's Report, *State of Delaware v. Derrick Caudle*, Crim. ID No. 1802012108, D.I. 37 (Del. Super. Ct. October 31, 2023) [hereinafter "Def.'s Rebuttal Letter"].

[32] The docket entry of the Commissioner's Report is dated October 16, 2023.  The date stamp of the Commissioner's Report is dated October 20, 2023.  Even giving him the benefit of the latter date, Defendant did not file within 10 days.

was not a Rule 61 motion."[33] To the extent that he believes this is a "false" statement by the Commissioner, Defendant is mistaken. Defendant's submission was not only captioned "Motion for Postconviction Relief,"[34] his Detailed Letter states "the following is a motion of petition for post-conviction relief. . . ."[35] The request for postconviction relief was properly considered under Rule 61.

17. More importantly, Defendant accuses the Commissioner of issuing a false statement that Defendant was indicted for Murder First Degree.[36] With his objection, he attaches a copy of the *amended* indictment and the Superior Court's criminal docket to "verify" that he was indicted for Murder Second Degree.[37] Defendant is mistaken.

18. The submitted copies merely reflect that the State agreed to amend the indictment to reflect that Defendant was pleading guilty to Murder Second Degree *as the Lesser Included Offense of Murder First Degree*. The docket entry simply memorializes the disposition of his charges, which resulted in a guilty plea to Murder Second Degree and PFDCF, with the State entering a *nolle prosequi* on the charge of the Prohibited Firearm charge.

---

[33] Def.'s Rebuttal Letter at 1.
[34] *See* Def.'s Motion at 1.
[35] *See* Def.'s Detailed Letter at 1.
[36] Def.'s Rebuttal Letter at 1.
[37] *Id.*

19. Defendant continues to maintain a mistaken belief that he was indicted to a charge of Murder Second Degree. He was not. He was charged with Murder First Degree. His "Affidavit of Truth" to suggest that the victim "caused his own death by being the aggressor and kick starting the events of that night (mitigating factors)"[38] may very well be true. It appears those factors were taken into consideration when the State decided not to seek a life sentence on the charge of Murder First Degree, which it could have elected to do. Instead, the State afforded Defendant the opportunity to accept a plea to Murder Second Degree, and further agreed to cap its recommended sentence to twenty years imprisonment; two years more than the minimum mandatory period of incarceration.

20. After undergoing a careful review of Defendant's Motion for Postconviction Relief, the Commissioner's Report, and the record, the Court **ADOPTS** in whole the findings of fact and recommendations in the Commissioner's Report. As such, Defendant's Motion for Postconviction Relief is **DENIED**.

**IT IS SO ORDERED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

cc: Prothonotary
cc: Matthew Frawley, Deputy Attorney General
Joseph M. Leager, Jr., Esquire
Derrick Caudle (SBI 00853179)
Investigative Services

---

[38] Def.'s Detailed Letter at 6.